IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH ARMOUR and JULIE CASTRO, | ) | |
| | ) | |
| Plaintiffs, | ) | 15 C 10305 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| HOMER TREE SERVICES, INC., | ) | |
| HOMER TREE CARE, INC., | ) | |
| HOMER INDUSTRIES, LLC, | ) | |
| HOMER MANAGEMENT, LLC, and | ) | |
| RONALD REPOSH, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Elizabeth Armour and Julie Castro filed suit against Ronald Reposh and Homer Tree Services, Inc., Homer Tree Care, Inc., Homer Industries, LLC, and Homer Management, LLC (collectively, "Homer Companies") alleging violations of 42 U.S.C. § 1981 as well as violations of the Illinois Whistleblower Act, breach of contract, and assault and battery. Defendants filed four separate motions to dismiss [44] [47] [50] [57]. For the reasons stated below, the motions are denied.

**Factual Background**

According to the complaint, Defendant Ronald Reposh owns and operates the Homer Companies, which provide tree removal, land clearing, mulch production, and other landscaping services. *See* Am. Compl. ¶¶ 5–6, ECF No. 41. Elizabeth Armour worked for the Homer Companies and was responsible for the coordination and management of the offices for the companies. *See id.* ¶ 3. Julie Castro was employed by, and provided human resource services to, Homer Tree Care and Homer Industries. *See id.* ¶ 4.

Armour alleges that Reposh made discriminatory and offensive racial remarks about African Americans, including stating that he would not interview or hire African Americans. He also told Armour that she was prohibited from considering or interviewing African-American candidates. *See id.* Count I. Armour complained to Reposh that his stated employment practices were unlawful. *See id.* Castro also observed Reposh making these remarks and, like Armour, refused to follow his directives on the matter. *See id.* Count VI.

In addition, Armour alleges that Reposh touched and hugged her, grabbed her breasts, and exposed his penis to her. *See id.* Count IV.

Both Armour and Castro were fired in August 2015. *See id.* ¶¶ 3–4.

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Analysis

I.  **Count IV: Armour's Assault and Battery Claims Against Reposh**

Reposh filed a motion to dismiss in which he argues that the claims for assault and battery against him (Count IV) are barred by the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5. *See* Def. Reposh Mot. Dismiss at 2–5, ECF No. 58.

The IHRA creates a cause of action for civil rights violations, which includes sexual harassment experienced by employees. *See* 775 Ill. Comp. Stat. 5/2-102(D), 5/10-102. Relevant to this case, the Act contains an exclusivity clause: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 Ill. Comp. Stat. 5/8-111(D); *see also Geise v. Phoenix Co. of Chi.*, 639 N.E.2d 1273, 1277 (Ill. 1994). The test for determining whether the IHRA precludes a court from adjudicating a common law tort claim is whether the claim is "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997).

*Maksimovic* provides a good starting point. There, the Illinois Supreme Court was grappling with whether the IHRA precluded courts from exercising jurisdiction over all tort claims that were factually related to incidents of sexual harassment. The plaintiff in that case had alleged claims for assault, battery, and false imprisonment that were based on the same allegations as the claim of sexual harassment under the IHRA. *See id.* at 22. The court held that "whether [a court] may exercise jurisdiction over a tort claim depends upon whether the tort

3

claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic*, 687 N.E.2d at 23; *see also id.* ("The rule . . . is not that the Act precludes the circuit court from exercising jurisdiction over *all* tort claims related to sexual harassment."). Because the plaintiff had alleged facts sufficient to establish the elements of the torts, which exist wholly separate and apart from the cause of action for sexual harassment, the tort claims were not precluded by the IHRA.

Similarly, the assault and battery claims at issue in this case are common law torts that provide Armour an independent basis for recovery apart from the IHRA. The IHRA is not the basis of the legal duty that Reposh is alleged to have breached. *Cf. Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) ("The distinction between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached; 'that is, if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not "furnish[ ] the legal duty that the defendant was alleged to have breached," the IHRA does not preempt a state law claim seeking recovery for it.'"). Thus, the Court denies Reposh's motion to dismiss.

**II.     Count V: Armour's Assault and Battery Claims against Homer Companies**

In Count V of the amended complaint, Armour states another claim for assault and battery, but this time against the Homer Companies. *See* Am. Compl. Count V. The Homer Companies filed separate motions to dismiss in which they all seek dismissal of Count V, arguing that the claims are preempted by the IHRA and that, as employers, they cannot be held liable for sexual harassment of their employee.

The preemption argument fails for the same reasons stated above. The tort claims alleged in the amended complaint stand separate and apart from the cause of action for sexual harassment under the IHRA. Thus they are not preempted.

Next, the Homer Companies argue that Armour's claim must fail because it attempts to impose liability on them for the conduct of their employee, Reposh. The Homer Companies correctly point out that employers cannot be held vicariously liable for the torts of their employees unless the employee was acting within the scope of his or her employment. *See Wright v. City of Danville*, 675 N.E.2d 110, 118 (Ill. 1996). What is more, "sexual assault by its very nature precludes a conclusion that it occurred within the employee's scope of employment under the doctrine of *respondeat superior*." *Doe v. Lawrence Hall Youth Servs.*, 966 N.E.2d 52, 62 (Ill. App. Ct. 2012) (emphasis omitted).

What saves Armour's claims here, however, is that they are based not on the theory of *respondeat superior*, but on the proposition that Reposh was an alter ego of the Homer Companies—a form of direct, rather than indirect, liability. *See Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) ("But a contention that A is B's 'alter ego' asserts that A and B are the same entity; liability then is not vicarious but direct.").[1] And Illinois courts have allowed common law causes of actions under an alter ego theory. *See Sutton v. Overcash*, 623 N.E.2d 820, 832–33 (Ill. App. Ct. 1993); *Fitzgerald v. Pratt*, 585 N.E.2d 1222, 1225 (Ill. App. Ct. 1992) ("To plead a common law cause of action under the 'alter ego' theory, plaintiff must allege that the employee is the 'alter ego' of the employer.").

This issue comes up most often in the context of the Illinois Workers' Compensation Act, which contains a similar exclusivity provision that prohibits common law suits by employees against employers for accidents that fall within the scope of the Act. *See Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1225–26 (Ill. 1990). Courts interpreting the exclusivity

---

[1] None of the Defendants argue that Reposh cannot be considered an alter ego of the Homer Companies, at least at the pleading stage.

provision have held that the provision does not bar intentional torts against the employer "for injuries which the employer or its alter ego intentionally inflicts upon an employee." *Id.* at 1226. As these holdings illustrate, an employee may sue a corporate employer for intentional torts under an alter ego theory and because such a claim can stand without reference to the IHRA, the Court denies the Homer Companies' motion to dismiss Count V.

### III. Counts I & II: Armour's § 1981 and Illinois Whistleblower Act Claims Against Homer Tree Care (HTC) & Homer Industries (HI)

HTC and HI filed a separate motion to dismiss arguing, in part, that Armour's allegations in the complaint do not sufficiently allege that they are her employers and that she has thus failed to state a claim under § 1981 (Count I) or the Illinois Whistleblower Act (Count II). *See* Defs.' HTC & HI Mot. Dismiss at 4–6, ECF No. 51.

In her complaint, Armour describes her employment situation as follows:

> Armour is an adult female residing in the Northern District of Illinois who, at all times relevant, was jointly employed by, and performing the duties of Chief Executive Officer for, the Homer Companies. Under Reposh's direction and supervision, Armour was, *inter alia*, not only paid by each of the Homer Companies, but was responsible for the operation, coordination and management of the office(s) and financial affairs [of] the Homer Companies, from or about July 7, 2014, until she was abruptly terminated by Reposh on or about August 21, 2015.

Am. Compl. ¶ 3.

HTC and HI argue that these allegations are mere legal conclusions and that Armour has not pleaded sufficient facts to establish that HTC and HI are joint employers. The Court disagrees. The various authorities HTC and HI cite in support of their argument are cases decided at the summary judgment stage in which the court, based on evidence produced during discovery, find that the defendant is not a joint employer. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701–06 (7th Cir. 2015); *Whitaker v. Milwaukee Cty., Wis.*, 772 F.3d 802, 811–12 (7th Cir. 2014); *Mays v. BNSF Ry. Co.*, 974 F. Supp. 2d 1166, 1179 (N.D. Ill. 2013).

6

At the motion-to-dismiss stage, Armour need only plead sufficient facts such that, after taking all possible inferences in her favor, she has stated a claim. The allegations that she performed work for all Homer Companies and was paid by all Homer Companies is sufficient, at this early stage, to assert that HTC and HI are employers. *See Penteris v. Citgo Petroleum Corp.*, 104 F. Supp. 3d 894, 900 (N.D. Ill. 2015) ("Determining whether an entity is a joint employer is a fact-intensive inquiry that typically requires further development through discovery.").

The only two cases HTC and HI cite that were decided at the motion-to-dismiss stage are distinguishable. In *French-Fuentes v. Lake County*, the court dismissed the plaintiff's complaint against Lake County for failure to allege an employment relationship between the plaintiff and the county. 2000 WL 1760970, at *2 (N.D. Ill. Nov. 30, 2000). The court was able to do so, however, because the relationship between the county and the sheriff—the plaintiff's employer—was determined by statute. *See id.* The statute clearly showed that the county did not have sufficient control over the plaintiff to be an employer and vitiated any need to conduct the factual inquiry usually needed to determine whether an entity is a joint employer.

In *Shah v. Littlefuse Inc.*, the court held that the plaintiff had failed to plead that one of the defendants, DYSIS, was a joint employer with Littlefulse. 2013 WL 1828926, at *3–5 (N.D. Ill. Apr. 29, 2013). The court held that the plaintiff in that case had merely alleged that DYSIS was an intermediary between the plaintiff and Littlefuse, his "true" employer. *See id.* at *4. On this basis, the court held that DYSIS's administrative involvement was insufficient to establish a Title VII claim against DYSIS as an employer. *See id.* Here, Armour's complaint specifically alleges that she did work for and was paid by the two entities. *See* Am. Compl. ¶ 3. These facts alone are sufficient to distinguish this case from *Shah*.

Next, HTC and HI argue that, even if they are joint employers of Armour, the relationship does not create liability for the actions taken by other employers. *See* Defs.' HTC & HI Mot. Dismiss at 5–6. Once again, this argument ignores the allegations in Armour's complaint. Her allegations are that she was fired by Reposh. *See* Am. Compl. ¶ 3. Given that Reposh is principal of all Homer Companies, nothing in the complaint seeks to make HTC and HI liable for actions taken by the other joint employers.

Because the complaint states a claim under § 1981 and the Illinois Whistleblower Act against HTC and HI as employers, the motion to dismiss is denied.

## Conclusion

For the reasons stated herein, the Court denies Defendants' motions to dismiss [44] [47] [50] [57].

**IT IS SO ORDERED.**  ENTERED  5/26/16

_____
**John Z. Lee**
**United States District Judge**